IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RANDALL LAMONT ROLLE,**

    **Plaintiff,**

vs.                                              Case No. 4:06cv406-MP/WCS

**TALLAHASSEE POLICE DEPARTMENT,**
et al.,

    **Defendants.**

                                                  /

## SECOND REPORT AND RECOMMENDATION

Before the Court is the *pro se* Plaintiff's motion to amend his complaint, doc. 17, and the proposed second amended complaint. Doc. 18. Plaintiff states in his motion that he reviewed the report and recommendation issued on October 13, 2006, which recommended dismissal of this action. Doc. 16. Plaintiff contends, however, that he has a "meritorious complaint" that seeks relief which "falls outside of the core of Heck." Doc. 17.

Plaintiff's proposed second amended complaint, doc. 18, has been reviewed. Plaintiff continues to bring claims against numerous officials, including state court judges, judges from the First District Court of Appeal, assistant state attorneys, several

assistant attorney generals, his defense attorney, and members of law enforcement. Doc. 18. Plaintiff is also continuing to challenge his arrest, the execution of a search warrant, and the use of that evidence during his criminal trial. *Id.* Plaintiff was convicted and is currently incarcerated on charges stemming from the facts of this case which arose on October 25, 2002. *Id.* Moreover, Plaintiff's requested relief demonstrates that Plaintiff continues to seek relief which would undermine his conviction. Plaintiff seeks an injunction directing the District Court of Appeal to remand the case to the trial court and require the trial court to hold an evidentiary hearing. *Id.*

Despite any claim to the contrary, Plaintiff is still attempting to raise claims which are barred by Heck v. Humphrey. Plaintiff may not challenge the seizure of evidence, the use of that evidence during his criminal trial, the result of state court proceedings, or his conviction in this case. Therefore, as explained fully in the first report and recommendation, doc. 16, this case must be dismissed.

Although leave to amend under Rule 15(a) should "be freely given when justice so requires," FED. R. CIV. P. 15(a), futility of amendment is sufficient cause under Rule 15 to deny permission to amend. Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990) *quoting* Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Grayson v. K Mart Corp., 79 F.3d 1086, 1110 (11th Cir. 1996), *cert. denied*, 117 S.Ct. 435 (1996). Because the proposed second amended complaint still runs into the bar of Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994), this case is futile and leave to amend, doc. 17, should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to amend, doc. 17, be **DENIED** as futile and this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 31, 2006.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**